IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

TARGET, INC.

    Defendant.
_____/

JUDGE : Friedman, Bernard A.
DECK  : S. Division Civil Deck
DATE  : 09/29/2005 @ 11:46:02
CASE NUMBER : 2:05CV73720
CMP EEOC V. TARGET CORP (DA) SI

**COMPLAINT
AND JURY TRIAL DEMAND**

Magistrate Judge Steven D. Pepe

### NATURE OF THE ACTION

This is an action under Title I of the Americans With Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to make whole Theresa Freebury ("Freebury"). The Equal Employment Opportunity Commission alleges that Defendant, Target Stores Inc. ("Defendant" or "Target") violated the Americans with Disabilities Act ("ADA") when it discriminated against and failed to reasonably accommodate Freebury, a qualified individual with a disability, cervical cancer.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C.

Section 1981(a).

2.   The employment practices hereafter alleged to be unlawful were committed in the Eastern District of Michigan, Southern Division.

## PARTIES

3.   The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.   At all relevant times, Defendant Target, Inc., was doing business in the State of Michigan and the County of Wayne, and has continuously had at least fifteen (15) employees.

5.   At all relevant times, Defendant Target, Inc., was continuously engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.   At all relevant times, Defendant Target, Inc., was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.   More than thirty (30) days prior to the institution of this lawsuit, Freebury filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Target, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.   Beginning in November, 2003, Defendant Target, Inc., engaged in unlawful

employment practices in violation of the ADA Sections 102(a), 102(b)(5)(A) and 102(b)(5)(B), 42 U.S.C. §§ 12112(a), 12112(b)(5)(A) and 12112(b)(5)(B). The Defendant's practices include, but are not limited to, failing to reasonably accommodate Freebury by failing to hold open her position when she was out on a medical leave, demoting her when she returned from leave and failing to promote her to a Level 3 Manager Position after she returned to work.

9. Freebury s a qualified individual with a disability who was able to perform the essential functions of her position with or without a reasonable accommodation.

10. The effect of the above-mentioned unlawful employment practices has been to deprive Freebury of equal employment opportunities because of her disability.

11. The above-mentioned unlawful employment practices were intentional.

12. The effect of the above-mentioned unlawful employment practices has been to cause Freebury to suffer a loss of enjoyment of life.

13. The unlawful employment practices complained of above were committed with malice and a reckless indifference to Freebury federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Target, Inc., its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any unlawful employment practice which discriminates on the basis of disability;

B. ORDER Defendant Target, Inc., to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. ORDER Defendant Target Inc., to provide training to its employees regarding disability discrimination and the ADA's requirement to provide a reasonable accommodation to disabled employees;

D. ORDER Defendant Target, Inc., to make whole Freebury by providing her with appropriate lost earnings and benefits, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. GRANT a permanent injunction enjoining Defendant Employer to revise and modify its employment application consistent with the ADA.

F. ORDER Defendant Target, Inc., to make whole Freebury by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, in amounts to be proven at trial.

G. ORDER Defendant Target, Inc., to pay Freebury punitive damages for the malicious or reckless conduct described in paragraph 8 above, in amounts to be proven at trial.

H. GRANT the Commission its costs in this action; and

I. GRANT such further relief as the Court deems necessary and proper.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DATED: SEP 2 9 2005

ADELE RAPPORT (P44833)
Regional Attorney

ROBERT DAWKINS (P38289)

TAMMY KLEIN (P60256)

4

Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-5673

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: WAYNE

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**DEFENDANTS** 05-73720

TARGET CORPORATION

(b) County of Residence of First Listed _SSSSS_

County of Residence of First Listed WAYNE

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

Tammy Klein (P60256), Equal Employment Opportunity Commission, 477 Michigan Avenue, Room 865, Detroit, MI 48226 (313) 226-5673

Attorneys (If Known)

BAF/ BERNARD A. FRIEDMAN
73720 /SDP
Magistrate Judge Steven D. Pepe

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item 111)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21, 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | [ ] 365 Personal Injry - Product Liaility | | | [ ] 450 Commerce/ICC |
| [ ] 150 Recovery of Overpayment and Enforcement of Judgment | [ ] 320 Assault Libel And Slander | | [ ] 630 Liquor Laws | | [ ] 460 Deportation |
| | | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 470 Racketeer Influenced & Corrupt Organizations |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 650 Airline Regs. | [ ] 820 Copyrights | |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | |
| [ ] 220 Foreclosure | [X] 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS-Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multi district Litigation
[ ] 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is an action under tTitle I of the Americans With Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability.

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$ DEMAND
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 9/29/05

SIGNATURE OF ATTORNEY OF RECORD _Tammy Klein_

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes :